**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mary Wales, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2576 |
| Pinnacle Financial Group Incorporated, A Minnesota corporation, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mary Wales, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Mary Wales ("Wales"), is a citizen of the State of Texas from whom Defendant attempted to collect a delinquent consumer debt owed to T-Mobile, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Pinnacle Financial Group Incorporated ("Pinnacle"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Pinnacle operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Pinnacle was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Pinnacle is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Pinnacle conducts extensive and substantial business in Illinois.

6. Defendant Pinnacle is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Pinnacle acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Wales is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to T-Mobile. When Defendant Pinnacle began trying to collect the T-Mobile debt from her, by sending her a collection letter dated October 18, 2011, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Pinnacle's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on December 20, 2011, one of Ms. Wales' attorneys at LASPD informed Defendant Pinnacle that Ms. Wales was represented by counsel, and directed Defendant Pinnacle to cease contacting her, and to cease all further collection activities because Ms. Wales was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Pinnacle sent Ms. Wales another collection letter, dated January 13, 2012, which continued to demand payment of the T-Mobile debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on March 7, 2012, Ms. Wales' LASPD attorney had to send Defendant Pinnacle a letter, again directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Wales' agent/attorney, LASPD, told Defendant Pinnacle to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

16. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Pinnacle knew, or readily could have known, that Ms. Wales was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Pinnacle, in writing (Exhibit D), that Ms. Wales was represented by counsel, and had directed a cessation of communications with Ms. Wales. By directly sending a collection letter to Ms. Wales (Exhibit E), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mary Wales, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wales, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mary Wales, demands trial by jury.

                          Mary Wales,

                          By: /s/ David J. Philipps
                          One of Plaintiff's Attorneys

Dated: April 9, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5